PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON, | ) |
|     Plaintiff, | ) CASE NO. 4:16CV3006 |
| v. | ) JUDGE BENITA Y. PEARSON |
| D.O. JAMES KLINE, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 3] |

*Pro se* Plaintiff Robert Johnson, a state prisoner incarcerated in the Trumbull Correctional Institution ("TCI"), has filed this *in forma pauperis* federal civil rights action under 42 U.S.C. §1983 against Dr. James Kline, D.O., Ms. G. Lewis —Health Services Administrator, and Dr. Andrew Eddy—Medical Director of the Ohio Department of Rehabilitation and Correction. ECF No. 1. Plaintiff complains of the medical care that he received at TCI for a lump on the back of his head. *Id.* at PageID #: 4-6. Plaintiff seeks compensatory and punitive damages for "mental anguish" and "gross negligence to [his] medical needs," as well as surgery to remove the lump. *Id.* at PageID #: 6.

### I. Background

Plaintiff alleges that he was approved for surgery to remove the lump in 2010, while he was incarcerated in another prison. *Id.* at PageID #: 4. Plaintiff did not undergo surgery at that time because he anticipated being released from prison. *Id.* Instead of being released from

(4:16CV3006)

prison, Plaintiff was subsequently transferred to the Mansfield Correctional Institution and then to TCI. *Id.*

Plaintiff alleges that he first contacted medical staff at TCI about the lump in January 2016 and was seen at that time. *Id.* He was also seen "multiple times" thereafter by Dr. Kline, who diagnosed his lump as a benign lipoma—a "cosmetic issue" not requiring surgical intervention or prescription pain medication. *Id.* Plaintiff disagrees with Dr. Kline's diagnosis and contends that the over-the-counter medications determined appropriate for his condition have been inadequate. *Id.* He alleges that his condition has worsened and that he has suffered continuous pain, headaches, and blurred vision because of it. *Id.* Plaintiff also alleges that Defendant Lewis and others have denied, or failed to respond to, grievances he has filed about his diagnosis and treatment. *Id.* at PageID #: 4-6.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

2

(4:16CV3006)

governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

### III.  Law and Analysis

Upon review, the Court finds that Plaintiff's Complaint (ECF No. 1) must be dismissed. Although the Complaint (ECF No. 1) does not set forth a specific constitutional claim, the Court broadly construes it as alleging a claim for difference to his medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" Baker v. Goodrich, 649 F.3d 428, 434 (6th Cir. 2011) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)); see also Estelle v. Gamble, 429 U.S. 97 (1976). Deliberate indifference has two components to it, the objective and the subjective components. Harrison, 539 F.3d at 518. A prisoner must show both that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with "a sufficiently culpable state of mind" to the substantial risk of serious harm facing the prisoner. Id.

(4:16CV3006)

Deliberate indifference requires more than negligence, and more than medical malpractice. *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). "It requires something akin to criminal recklessness: The defendant must 'know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.'" *Id.* (citing *Farmer*, 511 U.S. at 847).  To prove the required subjective element of a claim, a plaintiff must show that the prison official in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).  Allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state an Eighth Amendment claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004).

Even liberally construed, Plaintiff's allegations do not support a plausible claim that any Defendant was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment.  The Complaint (ECF No. 1) on its face indicates that Plaintiff was seen and evaluated multiple times for his alleged condition at TCI, but that prison medical staff determined it to be a benign condition that did not pose a serious risk of harm to Plaintiff. Plaintiff disagrees with the assessment of prison medical staff and wants a different course of treatment, but the allegations in the Complaint (ECF No. 1) do not reasonably suggest that any Defendant actually, subjectively drew an inference that a substantial risk of harm to Plaintiff exists in connection with his condition, or consciously disregarded such serious risk.

(4:16CV3006)

It is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. See *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). See also *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

While Plaintiff disagrees with TCI's non-operative treatment plan, it cannot be said that the treatment approved by the medical staff at TCI is "so woefully inadequate as to amount to no treatment at all." See *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (where a prisoner has received some medical treatment, in order to state a constitutional claim, he must show that his treatment was "so woefully inadequate as to amount to no treatment at all").

Plaintiff fails to state a cognizable claim against Defendants Lewis and Eddy for additional reasons. The conduct alleged on the part of Defendant Lewis is denying the administrative grievances filed by Plaintiff. ECF No. 1 at PageID #: 4-6. Prison officials, however, cannot be liable for constitutional deprivations of subordinates where their only alleged conduct is denying a prisoner's administrative grievance or failing to intervene on a prisoner's behalf. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff does not set forth specific conduct on the part of Defendant Eddy, and liability cannot be imposed on a supervisory official

(4:16CV3006)

solely on the basis of *respondeat superior*. Okoro v. Scibana, 63 F. App'x 182, 184 (6th Cir. 2003). For the foregoing reasons, Plaintiff's Complaint fails to allege a plausible federal civil rights claim on which relief may be granted.

To the extent Plaintiff alleges state-law tort claims for medical negligence or malpractice, his Complaint must also be dismissed because he has not alleged facts sufficient to establish federal subject-matter jurisdiction. Plaintiff has not demonstrated the citizenship of the parties necessary to establish federal diversity jurisdiction. *See* 28 U.S.C. §1332.

### IV. Conclusion

For the reasons stated above, Plaintiff's federal civil rights claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's state-law negligence and malpractice claims, if any, are dismissed without prejudice. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.


    IT IS SO ORDERED.


| March 31, 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |